# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHAWN PRITCHETT,

    Petitioner

v.

JO GENTRY, et al.,

    Respondents

Case No. 2:17-cv-01694-JAD-CWH

**Order Granting Motion for Leave to File Third Amended Petition**

[ECF No. 36, 40]

Shawn Pritchett is serving a sentence of life without the possibility of parole for his 2010 state-court convictions for murder with a deadly weapon, robbery with a deadly weapon, and conspiracy. He moves to file a third-amended petition for writ of habeas corpus to add a new claim—ground 8—that his trial counsel violated his Sixth Amendment rights by conceding Pritchett's guilt. I find that Pritchett has demonstrated that he should be given leave to add this claim, and I *sua sponte* enter a *Rhines* stay to allow him to return to state court to exhaust it.

**A.**     **Leave to amend [ECF No. 36]**

Respondents have not persuaded the court that this new Sixth Amendment claim is so without merit that amendment is futile. The U.S. Supreme Court held in *McCoy v. Louisiana* that "[w]hen a client expressly asserts that the objective of '<u>his</u> defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt."[1] Parties in other cases now are litigating the scope and retroactive application of *McCoy*. The viability of this claim is a question that the court should answer only after full briefing, if necessary, not on a motion for leave to amend.

Respondents also do not persuade the court that amendment is futile based on Pritchett's failure to exhaust the *McCoy* claim. For amendment to be futile on procedural grounds, (1) the claims must be unexhausted in this court, (2) the state appellate court must have held that the

---

[1] *McCoy v. Louisiana*, 138 S. Ct. 1500, 1509 (2018) (emphasis original).

ground is procedurally barred, and (3) petitioner must be unable to overcome the procedural default of the ground. The futility analysis fails at the second point. Nevada's procedural bars allow a petitioner to show cause and prejudice to overcome those bars.[2] This court will not speculate how the state courts would decide the questions of cause and prejudice. Additionally, the Supreme Court decided *McCoy* after petitioner's judgment of conviction became final. If the state courts determine that *McCoy* applies retroactively, then the procedural bars likely will not apply. So, the court cannot say at this time whether Pritchett's *McCoy* claim would be procedurally defaulted.

Finally, respondents also do not persuade the court that it should deny leave to amend now because Pritchett has already twice amended his petition, and one of those amendments occurred after *McCoy* was decided. If petitioner has a cogent claim that is not subject to procedural bars,[3] then he should be given leave to amend his petition to include that claim. So I grant the motion for leave to file a third-amended petition.

**B.    *Rhines* stay**

Pritchett admits that he has not exhausted this new *McCoy* claim in the state courts,[4] but simultaneous with the filing of his motion for leave to amend, he did file a state-court petition. This court may stay a habeas action while a petitioner litigates unexhausted claims in the state courts. In *Rhines v. Weber*,[5] the United States Supreme Court recognized that the district court may enter a stay to allow a petitioner to return to state court to exhaust an unexhausted claim if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[6] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the

---

[2] *See, e.g.*, Nev. Rev. Stat. §§ 34.726(1), 34.810(3).

[3] This is an open question at this time.

[4] *See* 28 U.S.C. § 2254(b).

[5] *Rhines v. Weber*, 544 U.S. 269 (2005).

[6] *Id.* at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

2

failure to exhaust a claim in state court]."[7]  "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[8]

Petitioner notes that he would file a motion to stay the action if the court granted him leave to amend. But the court finds that there is no need to litigate the issue of a stay because the documents and arguments currently before the court demonstrate that petitioner can satisfy *Rhines*. He has good cause for the failure to exhaust because he could not have raised a *McCoy* claim before its decision. The extent of *McCoy's* applicability and the question of its retroactivity are matters currently being litigated in other cases and other courts, so the court cannot say at this time that petitioner's *McCoy* claim lacks potential merit. Petitioner filed his motion for leave to amend within a year of the *McCoy* decision. Petitioner also is not subject to the death penalty, he has no reason to be dilatory, and he has not demonstrated any dilatory litigation tactics.

## C. Motion to enlarge time [ECF No. 40]

Respondents have filed an unopposed motion for enlargement of time (first request) to extend the deadline to respond to the second-amended petition.[9] Because the court has granted leave for a third-amended petition and is staying this case, the motion to enlarge time is denied as moot. The court will set a new deadline if and when it lifts the stay.

## Conclusion

IT THEREFORE IS ORDERED that petitioner's motion for leave to file a third-amended petition for writ of habeas corpus **[ECF No. 36] is GRANTED**. The Clerk of the Court is directed to FILE the third amended petition [ECF No. 36-1].

IT FURTHER IS ORDERED that this action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner must return to this court with a motion to reopen no later than 45 days after the Nevada Supreme Court issues remittitur at the conclusion of the state-court

---

[7] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[8] *Id*.

[9] ECF No. 40.

3

proceedings. Petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that respondents' unopposed motion for enlargement of time (first request) **[ECF No. 40] is DENIED as moot.** The court will set a deadline for the response to the third-amended petition if and when it lifts the stay.

The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this case.

Dated: June 17, 2019

_____
U.S. District Judge Jennifer A. Dorsey