|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | Shawn Pritchett, | Case No.: 2:17-cv-1694-JAD-CWH |
| 4 | Petitioner | **Order Granting Motion to Reopen and Directing Response to Third Amended Petition** |
| 5 | v. | |
| 6 | Jo Gentry, *et al.*, | [ECF No. 43] |
| 7 | Respondents | |

This is a stayed habeas corpus action under 28 U.S.C. § 2254. Shawn Pritchett brings this motion to reopen the action.[1] He notes that his state-court proceedings have concluded. Respondents do not oppose his motion.[2] I find that good cause exists to grant his motion.

IT THEREFORE IS ORDERED that petitioner's motion to reopen **[ECF No. 43] is GRANTED**. **The Clerk of the Court is directed to reopen this action and to lift the stay.**

IT IS FURTHER ORDERED that respondents will have up to and including July 23, 2021, to file a response to the third amended petition[3] (including any motion to dismiss); petitioner must file any reply within 30 days of service of an answer. If respondents file a motion instead of an answer, the response and reply deadlines set by Local Rule LR 7-2(b) will apply for that motion.

Because it would be judicially inefficient and taxing on the parties and the Court to address procedural defenses in this case in multiple successive motions to dismiss or embedded

---

[1] ECF No. 43.
[2] ECF No. 45.
[3] ECF No. 42.

in the answer, IT IS FURTHER ORDERED that respondents must raise any procedural defenses to the counseled first amended petition together in a single, consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents thus may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except as permitted by 28 U.S.C. § 2254(b)(2) for any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (1) they must do so within the single motion to dismiss not in the answer, and (2) they must direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). No procedural defenses, including exhaustion, may be included with the merits in an answer; all procedural defenses, including exhaustion, must be raised instead by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response to that claim.

IT FURTHER IS ORDERED that the paper-copy rule in Local Rule LR IC 2-2(g) is SUSPENDED for this case; paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney unless later directed by the Court.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to assign a new magistrate judge to this matter in light of the retirement of Magistrate Judge Hoffman.**

Dated: May 21, 2021

_____
U.S. District Judge