# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Shawn Pritchett,

    Petitioner,

v.

Jo Gentry, et al.,

    Respondents.

Case No. 2:17-cv-01694-JAD-DJA

**Order Granting Motion to Strike and Striking Motion to Dismiss**

**[ECF Nos. 66, 69]**

    Nevada inmate Shawn Pritchett brings this counseled habeas corpus action under 28 U.S.C. § 2254 to challenge his 2010 Nevada state-court convictions for conspiracy to commit murder, first-degree murder with the use of a deadly weapon, and robbery with the use of a deadly weapon.[1]  Respondents move to dismiss Pritchett's third-amended petition "because it is untimely and contains claims that are unexhausted, procedurally defaulted, and not cognizable in federal habeas."[2]  Pritchett responds by asking the court to strike the respondents' untimeliness argument or, alternatively, order respondents to provide a more definite statement of the basis for that challenge.[3]  Because respondents have not stated their untimeliness defense with sufficient particularity, I grant the motion to strike and give respondents until June 11, 2022, to file an answer or a new motion to dismiss.

## I.  Legal Standard and Procedural Background

    Pritchett had one year from the finality of his judgment of conviction to commence a federal habeas corpus action under 28 U.S.C. § 2254.[4]  The state district court entered Pritchett's

---

[1] ECF No. 22-8.

[2] ECF No. 66 at 1.

[3] ECF No. 69 at 2.

[4] 28 U.S.C. § 2244(d)(1)(A).

1

judgment on November 23, 2010.[5]  The Nevada Supreme Court affirmed on May 10, 2012.[6]  The conviction became final on August 8, 2012, when the time to petition the Supreme Court of the United States for a writ of certiorari expired.[7]

The time that Pritchett spend on a post-conviction habeas corpus petition in the state courts did not count towards the one-year period.[8]  Pritchett filed his state petition on July 27, 2012.[9]  The state post-conviction proceedings concluded when the Nevada Supreme Court issued its decision on February 16, 2017,[10] and its remittitur on March 13, 2017.[11]

Pritchett dispatched his proper-person § 2254 petition to this court on or before June 16, 2017,[12] and filed a counseled first-amended petition on March 13, 2018[13]—both of which were filed before the one-year period of limitations expired.  Pritchett filed a counseled second-amended petition on October 30, 2018,[14] and a counseled third-amended petition on June 17, 2019,[15] after the one-year period of limitations expired.  So his claims in the third-amended petition must relate back to his proper-person petition or counseled first-amended petition in order for them to be timely.[16]

---

[5] ECF No. 22-8.

[6] ECF No. 22-15.

[7] *See Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009), Sup. Ct. R. 13(1).

[8] 28 U.S.C. § 2244(d)(2).

[9] ECF No. 23.

[10] ECF No. 23-12.

[11] ECF No. 23-13. *See also Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005) (judgment becomes final and period of limitations resumes upon issuance of remittitur).

[12] ECF No. 7.

[13] ECF No. 12.

[14] ECF No. 32.

[15] ECF No. 42.

[16] Fed. R. Civ. P. 15(c).

## II.     Discussion

Respondents argue in their motion to dismiss that the third-amended petition is untimely in its entirety because Pritchett filed it after the one-year deadline.[17]  In short, they take the position that all of Pritchett's claims are untimely by virtue of the operative petition's filing date alone, and Pritchett must show actual innocence, grounds for equitable tolling, or that his claims relate back to a prior timely filing.[18]  Pritchett contends in his motion to strike or for more definite statement that respondents' vague and generalized assertion of untimeliness has not given them fair notice of its contours with respect to any ground he asserts.[19]  So he asks the court to strike the untimeliness argument in the motion to dismiss and direct the respondents to provide a more definite statement of it.[20]

Respondents' argument that their blanket untimeliness objection is sufficient ignores the fact that the particularity with which an affirmative defense must be pled is different in a habeas case than in a standard civil-litigation matter.  Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts (the Habeas Rules) states, "[t]he answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."  Although this rule does not mention the specificity of response required in a motion to dismiss, until recently it was a long-standard practice in this district for respondents to identify in such motions the particular grounds that they claimed did not relate back and to explain why.  Respondents do not indicate why this practice was abandoned here or why a lesser standard should apply when the defense is first asserted by a motion to dismiss instead of by answer.

Respondents' vague timeliness challenge improperly evades the spirit, if not the letter, of the specificity requirement in Habeas Rule 5(b).  And it frustrates the judicial process by

---

[17] ECF No. 66 at 8–9.

[18] *Id.*

[19] ECF No. 69 at 3, 6.

[20] *Id.* at 2.

ensuring that the heart of the equitable-tolling or relation-back issues is not reached until respondents' reply brief, depriving the petitioner of a fair opportunity to address it and leaving the court with an incomplete analysis. To avoid this scenario, I grant the motion to strike, strike the untimeliness argument in the motion to dismiss, deny the remainder of that motion without prejudice to respondents' ability to reassert it in a renewed motion, and give the respondents until June 11, 2022, to either answer the second-amended petition or file a renewed motion to dismiss in which they specifically explain their untimeliness defense and any tolling or relation-back arguments on a claim-by-claim basis.

### III.  Conclusion

IT IS THEREFORE ORDERED that:

- Petitioner's motion to strike motion to dismiss **[ECF No. 69] is GRANTED**. The Clerk of the Court is directed to **STRIKE respondents' motion to dismiss [ECF No. 66]**. Respondents have until June 11, 2022, to file an answer or a new motion to dismiss.

Dated: May 12, 2022

_____
U.S. District Judge Jennifer A. Dorsey