UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Shawn Pritchett,<br><br>    Petitioner<br><br>v.<br><br>Jo Gentry, *et. al.*,<br><br>    Respondents. | Case No.: 2:17-cv-01694-JAD-DJA<br><br>**Order Denying<br>Motion to Stay Case and<br>Reinstating Briefing on<br>Motion to Dismiss**<br><br>[ECF No. 79] |

    Nevada inmate Shawn Pritchett brings this counseled habeas corpus action under 28 U.S.C. § 2254 to challenge his 2010 Nevada state-court convictions for conspiracy to commit murder, first-degree murder with the use of a deadly weapon, and robbery with the use of a deadly weapon.[1] Respondents move to dismiss that petition, arguing that certain of Pritchett's claims do not relate back to a timely filed petition, are unexhausted, are procedurally defaulted, or are not cognizable.[2] Pritchett, in turn, moves to stay the case so that he can return to state court to exhaust his unexhausted claims.[3] At the parties' request, I vacated the briefing on the motion to dismiss until after I decide the motion for stay.[4] Having reviewed the record and the parties' briefing, I find that a return to state court would be futile because the claims that Pritchett wishes to present to the state court are undisputedly procedurally barred under current Nevada law. So I deny the motion to stay and give Pritchett until October 21, 2022, to respond to the pending motion to dismiss.

---

[1] ECF No. 22-8.
[2] ECF No. 76.
[3] ECF No. 79.
[4] ECF No. 81.

**Background**

On November 23, 2010, after a jury trial, Pritchett was convicted in Nevada's Eighth Judicial District Court (Clark County) of conspiracy to commit murder, first-degree murder with the use of a deadly weapon, and robbery with the use of a deadly weapon.[5] He was sentenced to, *inter alia*, two consecutive life sentences without the possibility of parole.[6] The Nevada Supreme Court affirmed that conviction.[7]

Pritchett filed a *pro se* petition for writ of habeas corpus in the state district court followed by a counseled supplemental petition.[8] Following an evidentiary hearing,[9] the state district court denied Pritchett's petition.[10] He appealed that denial and the Nevada Supreme Court affirmed.[11]

On June 16, 2017, this court received a *pro se* federal habeas corpus petition from Pritchett, initiating this action.[12] The court appointed him counsel[13] and, with counsel, Pritchett filed a first amended habeas petition,[14] a second amended habeas petition,[15] and a third amended habeas petition.[16] In his third amended petition, Pritchett added a new claim—ground 8—that

---

[5] ECF No. 22-8.
[6] *Id.*
[7] ECF No. 22-15.
[8] ECF Nos. 23, 23-2.
[9] ECF No. 23-7.
[10] ECF No. 23-8.
[11] ECF No. 23-12.
[12] ECF No. 7.
[13] ECF No. 6.
[14] ECF No. 12.
[15] ECF No. 32.
[16] ECF No. 42.

2

his trial counsel violated his Sixth Amendment rights by conceding his guilt.[17]  I *sua sponte* entered a stay to allow Pritchett to return to state court to exhaust ground 8.[18]  When those state-court proceedings ended, I reopened this case and directed respondents to respond to Pritchett's third amended petition.[19]  Respondents moved to dismiss Pritchett's third amended petition, but I granted Pritchett's motion to strike that motion and instructed respondents to file an answer or a new motion to dismiss.[20]  They filed a new motion to dismiss,[21] and Pritchett now moves to stay to allow him to exhaust grounds 1, 2, 4, and 6 in state court.[22]  If that stay is denied, Pritchett alternatively requests 30 days to oppose the motion to dismiss.[23]  Respondents responded to the motion to stay,[24] and Pritchett replied.[25]

In the grounds relevant to his motion to stay, Pritchett's third amended petition, which is now his operative petition, sets forth the following claims for habeas corpus relief:

Ground 1: Pritchett was denied his right to the effective assistance of counsel.

    Ground 1(a): Pritchett's trial counsel failed to adequately investigate defenses.

    Ground 1(b): Pritchett's trial counsel failed to investigate mitigating factors for his sentencing.

    Ground 1(c): Pritchett's trial counsel failed to present favorable DNA evidence.

---

[17] *See* ECF No. 41 at 1.
[18] *Id.*
[19] ECF No. 46.
[20] ECF No. 75.
[21] ECF No. 76.
[22] ECF No. 79.
[23] ECF No. 83 at 6.
[24] ECF No. 82.
[25] ECF No. 83.

| | | |
|---|---|---|
| Ground 1(d): | | Pritchett's trial counsel failed to hire an expert in digital forensics. |
| Ground 1(e): | | Pritchett's trial counsel failed to challenge the admissibility of a detective's testimony concerning cell tower location data. |
| Ground 2: | | The trial court erred in allowing the detective to testify as an expert in cellular site location data. |
| Ground 4: | | The trial court failed to dismiss the tainted jury pool. |
| Ground 6: | | The trial court erred in permitting the prosecution to introduce statements from non-testifying co-defendants.[26] |

## Discussion

### A. The exhaustion doctrine

A federal court may not grant relief on a habeas corpus claim not exhausted in state court.[27] The exhaustion doctrine is based on the policy of federal–state comity and is designed to give state courts the initial opportunity to correct constitutional deprivations.[28] To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it.[29]

### B. Exhaustion efforts may be barred by procedural default.

The Supreme Court has recognized that it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim under certain circumstances and to treat such a claim as subject to the procedural-default doctrine. "An unexhausted claim will be

---

[26] ECF No. 42.

[27] 28 U.S.C. § 2254(b).

[28] *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

[29] *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

procedurally defaulted[ ] if state procedural rules would now bar the petitioner from bringing the claim in state court."[30]

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate-and-independent-state-ground doctrine from obtaining a writ of habeas corpus in federal court.[31] If such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" or if the prisoner demonstrates cause for the default and prejudice resulting from it.[32] To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[33] The external impediment must have prevented the petitioner from raising the claim,[34] and the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."[35]

---

[30] *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

[31] *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

[32] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

[33] *Id.* at 488.

[34] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[35] *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Ineffective assistance of post-conviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel.[36] As the Supreme Court explained in *Martinez v. Ryan*, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[37] However, in *Shinn v. Ramirez*, the Supreme Court recently held that, in adjudicating a *Martinez* claim, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2).[38] The *Ramirez* Court acknowledged that § 2254(e)(2) applies only when there has been "a failure to develop the factual basis of a claim," something that "is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."[39] A prisoner bears the risk for all attorney errors unless counsel provides constitutionally ineffective assistance, and since there is no constitutional right to counsel in state post-conviction proceedings, "a prisoner ordinarily must 'bea[r] responsibility' for all attorney errors during those proceedings."[40] "Among those errors," the Court explained, "a state prisoner is responsible for counsel's negligent failure to develop the state postconviction record."[41] In such

---

[36] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[37] *Martinez*, 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*).

[38] *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022).

[39] *Id.* at 1735.

[40] *Id.* (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)).

[41] *Id.*

a case, the High Court held, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy the requirements of § 2254(e)(2).[42] Under § 2254(e)(2), if the petitioner has "failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing on the claim unless (1) the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review or a factual predicate that could not have been previously discovered through due diligence and (2) the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty.[43]

## C. Standards for an exhaustion stay

In *Rhines v. Weber*,[44] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims—known as a mixed petition—the district court may stay the petition to allow the petitioner to return to state court to exhaust the unexhausted ones only if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[45] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[46] The Ninth Circuit

---

[42] *Id*.
[43] 28 U.S.C. § 2254(e)(2).
[44] *Rhines v. Weber*, 544 U.S. 269 (2005).
[45] *Id*. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).
[46] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Court of Appeals has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances,"[47] and ineffective assistance of postconviction counsel or a lack of postconviction counsel can constitute good cause under *Rhines*.[48] But courts must be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court."[49]

### D. A *Rhines* stay is not warranted because Pritchett's claims are procedurally barred in state court.

Pritchett argues that he can meet the requirements for a *Rhines* stay because the claims in grounds 1, 2, 4, and 6 are potentially meritorious. He adds that there is good cause for his failure to exhaust those claims previously because (1) his post-conviction counsel was ineffective for failing to raise the claims in ground 1; (2) his appellate counsel was ineffective for failing to raise the claims in grounds 2, 4, and 6; and (3) *Ramirez* supports his efforts. He concludes that he has not engaged in dilatory litigation tactics.[50] Respondents retort that a stay is inappropriate because a new state habeas petition would be procedurally barred as untimely and successive, so a return to state court would be a futile and wasteful.[51] In more fundamental terms, respondents contend that Pritchett's claims are not unexhausted; rather, they are technically exhausted but barred by the procedural-default doctrine.

---

[47] *Id.* at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)).
[48] *See Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017).
[49] *Id.* (citing *Rhines*, 544 U.S. at 276–77).
[50] ECF No. 79.
[51] *Id.*

8

In his third amended habeas petition—filed before the Supreme Court's decision in *Ramirez*—Pritchett asserted that his claims in grounds 1, 2, 4, and 6 have been exhausted.[52] It was only after the Supreme Court handed down its *Ramirez* decision that Pritchett changed his position and now argues that he should be granted a stay so that he can return to state court to present those claims in a successive and untimely state habeas petition. In his reply, Pritchett states that, if this case is stayed and he returns to state court and files a second state habeas petition, he "can argue that the Nevada Supreme Court could reconsider its decision in *Brown v. McDaniel*, 331 P.3d 867, 870–75 (Nev. 2014)," in which "the Nevada Supreme Court declined to follow [*Martinez*] and allow ineffective assistance of post-conviction counsel to act as good cause in non-capital cases."[53] Pritchett explains that this argument would be based on *Ramirez* having "significantly altered the scope of evidence a federal court can consider on a procedurally defaulted claim," such that the Supreme Court's "emphasis on evidentiary development in state courts can be viewed as a strong signal to the state courts to provide a sufficient opportunity for petitioners to develop their claims."[54] But Pritchett makes no argument that he can overcome the procedural bars of the claims—especially grounds 2, 4, and 6 in which *Martinez* would not apply—in state court under current Nevada law.

Pritchett simply has not shown that a *Rhines* stay is warranted here. The point of a *Rhines* stay is to allow a federal habeas petitioner an opportunity to present unexhausted claims in state court. It is undisputed that Pritchett's claims are procedurally barred in state court, and he makes no attempt to show that he can overcome the procedural bars under current Nevada

---

[52] ECF No. 42 at 40, 43, 47, 51.
[53] ECF No. 83 at 4.
[54] *Id.* at 3–4.

law. So granting Pritchett's request for a *Rhines* stay would run afoul of the Supreme Court's instructions that exhaustion stays should be granted in only limited circumstances and that the Court is to be mindful of AEDPA's aims of encouraging the finality of sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner Shawn Pritchett's motion for a stay **[ECF No. 79] is DENIED. Pritchett has until October 21, 2022, to file a response to the pending motion to dismiss [ECF No. 76].** In all other respects, the schedule for further proceedings set forth in the order entered on May 21, 2021 [ECF No. 46] will remain in effect.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 21, 2022