# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Shawn Pritchett,

     Petitioner

v.

Jo Gentry, *et. al.*,

     Respondents

Case No. 2:17-cv-01694-JAD-DJA

**Order Granting in Part Respondents' Motion to Dismiss and Directing Petitioner to Advise How He Wishes to Proceed with this Mixed Petition**

**[ECF No. 76]**

Counseled Nevada inmate Shawn Pritchett petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his trial counsel was ineffective; the trial court erred by allowing a detective to testify as an expert in cellular-site data and admitting prior-bad-act evidence, failing to dismiss the tainted jury pool, denying his *Batson* challenge, and violating his Sixth Amendment rights to confrontation and autonomy; and there were cumulative errors.[1] Respondents move to dismiss Pritchett's claims as untimely, unexhausted, procedurally defaulted, and non-cognizable.[2]  I find that Pritchett's right-to-autonomy claim in ground 8 is time barred, so I dismiss it.  I also find that his ineffective-assistance-of-trial-counsel claims in grounds 1(a) through 1(e) are technically exhausted and procedurally defaulted, but I defer consideration of whether Pritchett can demonstrate cause and prejudice to overcome that procedural default until the merits phase.  Lastly, I find that Pritchett's claims of trial-court error in grounds 2, 4, and 6, and part of ground 7 are unexhausted, and he must advise the court by April 10, 2023, how he wishes to proceed with this mixed petition.

---

[1] ECF No. 42.

[2] ECF No. 76.

**Background**

1

2     Pritchett was convicted in 2010 in a Nevada state court of conspiracy to commit murder,

3  first-degree murder with the use of a deadly weapon, and robbery with the use of a deadly

4  weapon, following a jury trial.[3]  His sentence includes two consecutive life terms without the

5  possibility of parole.[4]  Pritchett appealed, and the Nevada Supreme Court affirmed.[5]  He then

6  filed a state petition for post-conviction relief,[6] which was denied by the trial court.[7]  The

7  Nevada Supreme Court affirmed.[8]

8     Pritchett dispatched his federal habeas corpus petition on or about June 16, 2017.[9]  I

9  appointed counsel,[10] and Pritchett filed counseled first-, second-, and third-amended petitions.[11]

10  After Pritchett's third-amended petition added a new claim—ground 8—that his trial counsel

11  violated his Sixth Amendment rights by conceding his guilt, I *sua sponte* entered a *Rhines* stay to

12  allow him to return to state court.[12]  That stay was in place from June 17, 2019, until May 21,

13  2021.[13]  During that time, Pritchett's second state habeas petition was denied and the Nevada

14  Supreme Court affirmed that denial on appeal.[14]  After I reopened this case, respondents moved

15  _____

16  [3] ECF No. 22-8.

17  [4] *Id*.
    [5] ECF No. 22-15.

18  [6] ECF Nos. 23, 23-2.

19  [7] ECF No. 23-8.
    [8] ECF No. 23-12.

20  [9] ECF No. 7.

21  [10] ECF No. 6.

22  [11] ECF Nos. 12, 32, 42.
    [12] ECF No. 41.

23  [13] ECF Nos. 41, 46.
    [14] ECF Nos. 63-9, 44-1.

to dismiss Pritchett's third-amended petition, but I granted Pritchett's motion to strike that motion because the respondents' vague and generalized assertion of untimeliness failed to give him fair notice of that argument's contours to allow a proper response.[15]  Respondents now renew their dismissal request with greater detail.[16]  Pritchett opposes it.[17]

## Discussion

## I.   Timeliness

Respondents argue that Pritchett's third-amended petition was filed after his limitations period expired, and because grounds 1(d), 1(e), 2, and 8 do not relate back to his timely filed *pro se* petition or first-amended petition, these claims must be dismissed as untimely.[18]  A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading because it arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.[19]  Habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence.[20]  Rather, new claims relate back only if they "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally

---

[15] ECF Nos. 66, 75.

[16] ECF No. 76.

[17] ECF No. 87.  Respondents have replied.  ECF No. 92.

[18] ECF No. 76 at 9.

[19] *Mayle v. Felix*, 545 U.S. 644 (2005).

[20] *Id*. at 655–64.

1  raised episodes."[21]   In this regard, the reviewing court looks to "the existence of a common 'core

2  of operative facts' uniting the original and newly asserted claims."[22]   Typically, a claim that

3  merely adds "a new legal theory tied to the same operative facts as those initially alleged" will

4  relate back and be timely.[23]

5

6  **A.   Grounds 1(d), 1(e), and 2 are timely because they relate back to the first-
      amended petition.**

7       In ground 1(d), Pritchett alleges that his trial counsel failed to hire an expert in digital

8  forensics that could have refuted the state's evidence.[24]   In ground 1(e), he contends that his trial

9  counsel failed to challenge the admissibility of Detective Condratovich's testimony concerning

10 cell-tower-location data.[25]   And in ground 2, Pritchett alleges that he was denied his right to a

11 fair trial when the trial court allowed that detective to testify as an expert in cellular-site-location

12 data.[26]   Respondents contend that, although Pritchett presented similar claims in his first-

13 amended petition, these grounds do not rely on the same common core of operative facts as any

14 of his original claims because Pritchett now relies on new evidence: a report from Spencer

15 McInvaille, an expert retained by the Federal Public Defender's office.[27]

16       When the third-amended petition is compared to the first-amended petition,[28] it is clear

17 that the new facts in these grounds, which are derived from the expert report, merely expand or

18

19 [21] *Id*. at 657.

   [22] *Id*. at 659.

20 [23] *Id*. at 659 n.5; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

21 [24] ECF No. 42 at 19.

   [25] *Id*. at 22.

22 [26] *Id*. at 40.

23 [27] ECF No. 76 at 10.

   [28] *Compare* ECF No. 42 at 19–25, 40–43 *with* ECF No. 12 at 16–19, 33–36.

4

amplify those alleged in the first-amended petition.[29]  While the addition of facts from McInvaille's report[30] may strengthen Pritchett's arguments in these grounds, they do not alter its "common core of operative facts."[31]  For ground 1(d) of both the first-amended and third-amended petitions, that common core is that the state relied heavily on cell-site data to convict Pritchett, defense counsel had no training in reading cell-tower data, defense counsel failed to hire an expert who could have challenged the state's cell-phone-data evidence, and the state's evidence was faulty.[32]  The common core of operative facts for ground 1(e) of both versions of the petition is that Detective Condratovich testified that he could determine Pritchett's location based on cell-tower data, his testimony placed Pritchett in suspect locations, the state did not notice Detective Condratovich as an expert and he did not have specialized training in historical cellular-site data that would make him an expert, and Pritchett's counsel did not object to the detective's testimony in a timely manner.[33]  For ground 2, the common core of operative facts in both the first- and third-amended petitions is that Detective Condratovich testified that he could determine Pritchett's location on various dates based on cell-tower-location data, Condratovich was not an expert, and he should not have testified about Pritchett's location because this testimony was not relevant.[34]  Because **grounds 1(d), 1(e), and 2** of the third-amended petition

---

[29] *See Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) (explaining that claims relate back when the newer pleading "'merely correct[s] technical deficiencies or expand[s] or modif[ies] the facts alleged in the earlier pleading,' 'restate[s] the original claim with greater particularity,' or 'amplif[ies] the details of the transaction alleged in the preceding pleading'").

[30] ECF No. 33-3.

[31] *Mayle*, 545 U.S. at 659.

[32] ECF Nos. 12 at 16–17, 42 at 20–22.

[33] ECF Nos. 12 at 18–19, 42 at 23–25.

[34] ECF Nos. 12 at 34, 42 at 40–41.

1 are based on the same common core of operative facts, they **relate back to the first-amended**
2 **petition and are timely**.

3     **B.**    **Ground 8 is time barred.**

4     In ground 8, Pritchett alleges that his Sixth Amendment right to autonomy was violated
5 when his trial counsel admitted his involvement in the crime by conceding his guilt as an
6 accessory after the fact.[35]  Respondents contend that Pritchett did not allege the facts contained
7 within ground 8 in his original or first-amended petitions.[36]  Pritchett rebuts that this ground is
8 based on a new constitutional rule established by the United States Supreme Court in 2018 in
9 *McCoy v. Louisiana*,[37] making this claim timely under 28 U.S.C. § 2244(d)(1)(C),[38] which
10 provides that a claim based on a newly recognized constitutional right is timely if it is filed
11 within one year of the right's first recognition by the United States Supreme Court and made
12 retroactive to cases on collateral review.[39]

13     Pritchett does not identify—and this court is unaware of—any United States Supreme
14 Court case that makes *McCoy* retroactive to cases on collateral review.[40]  Pritchett thus cannot
15 benefit from the later start date of the statute of limitations provided by § 2244(d)(1)(C).  so I
16 dismiss ground 8 as time barred.[41]

---

[35] ECF No. 42 at 54.

[36] ECF No. 76 at 11.

[37] *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).

[38] ECF No. 87 at 11.

[39] *See Dodd v. United States*, 545 U.S. 353, 359–60 (2005).

[40] *See Christian v. Thomas*, 982 F.3d 1215, 1225 (9th Cir. 2020) (concluding "that the Supreme Court has not made *McCoy v. Louisiana* retroactive to cases on collateral review").

[41] Because ground 8 is dismissed as time barred, I need not and do not address whether it is also unexhausted or procedurally defaulted.  *See Cooper v. Neven*, 641 F.3d 322, 327–28 (9th Cir.

## II.     Exhaustion

Respondents argue that grounds 1(a) through (e), 2, 4, 6, and 7 are unexhausted and must be dismissed.[42]  Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[43]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[44]  To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[45]  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[46]  A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[47]

---

2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition").

[42] ECF No. 76 at 12.

[43] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[44] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[45] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[46] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[47] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

### A.     Ground 1(a) is unexhausted.

All of Pritchett's claims in ground 1 can be characterized as ineffective-assistance-of-counsel ("IAC") claims.  In ground 1(a), Pritchett alleges that his trial counsel failed to adequately investigate defenses in his case.[48]  In grounds 2, 4, and 11 of his *pro se* state habeas petition, Pritchett made various allegations regarding his trial counsel's failure to investigate.[49]  In his counseled appellate brief challenging the denial of his state habeas petition, Pritchett only argued that "[t]he district court erred by rejecting grounds 1, 2, 4, and in part 7.  AA 2965-78.  The district court found that Mr. Pritchett failed to demonstrate prejudice and also found that in most cases that any such evidence, even if produced would have been futile."[50]  Pritchett did not include any other facts or argument.  In affirming the denial of his state habeas petition, the Nevada Supreme Court declined to address Pritchett's claim that his "counsel should have fully investigated the case" because he did "not support the[ ] claim[ ] with cogent argument, supporting authority, or record citations."[51]

Respondents argue that Pritchett failed to properly raise this claim on appeal, rendering it unexhausted.[52]  Pritchett rebuts that his state post-conviction counsel included his state post-conviction petition in the appendix to the Nevada Supreme Court, thereby exhausting ground 1(a).[53]

---

[48] ECF No. 42 at 12.

[49] ECF No. 23 at 13, 18, 30.

[50] ECF No. 23-10 at 28.

[51] ECF No. 23-12 at 3.

[52] ECF No. 76 at 12.

[53] ECF No. 87 at 13.

I find that **Pritchett has not exhausted ground 1(a).**  "[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower case opinion in the case, that does so."[54]  Rather, to fairly present a claim, a petitioner "must have presented his federal, constitutional issue . . . within the four corners of his appellate briefing."[55]  Although Pritchett may have alerted the Nevada Supreme Court about ground 1(a), he did not fairly present that claim to the Nevada Supreme Court because the information necessary to assess the legal and factual basis of this ground was not found on the four corners of his appellate briefing[56] but rather in the appendix.  Nevada's appellate rules do not allow for such incorporation by reference: parties are not allowed to "incorporate by reference briefs or memoranda of law submitted to the district court or refer the Supreme Court or Court of Appeals to such briefs or memoranda for the arguments on the merits of the appeal."[57]  Because incorporation by reference is a procedurally incorrect manner in which to present issues to the Nevada Supreme Court, inclusion of instant ground 1(a) by way of vaguely listing it as a claim

---

[54] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

[55] *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (explaining that the state's highest court is "not required to comb the trial court's decision to discover [a] federal constitutional issue" nor is it "required to review the parties' trial court pleadings to see if it [can] discover for itself a federal constitutional issue"); *see also Wood v. Ryan*, 693 F.3d 1104, 1121–22 (9th Cir. 2012) (explaining that incorporating a state petition by reference is "not a sufficient method of fairly presenting th[e] claim").

[56] *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (explaining that the state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.").

[57] Nev. R. App. P. 28(e)(2).

1   and then merely citing to the state court's order[58] in the appendix—rather than including the

2   legal and factual basis of the claim within the body of the appellate briefing—was insufficient to

3   exhaust ground 1(a).[59]

4       **B.      Pritchett has not exhausted grounds 1(b), 1(c), 1(d), and 1(e).**

5           In ground 1(b), Pritchett alleges that his trial counsel failed to investigate mitigating

6   factors for his sentencing, including showing that the victim was abusing his wife and Pritchett's

7   motivation had been to protect a domestic-violence victim.[60]  In ground 4 of his *pro se* state

8   habeas petition, Pritchett explained that the "victim had been beating and abusing Stephanie

9   Thomas."[61]

10          In ground 1(c), Pritchett alleges that his trial counsel failed to present DNA evidence

11  favorable to him.[62]  In ground 2 of his *pro se* state habeas petition, Pritchett argued that his "trial

12  counsel[ ] fail[ed] to investigate DNA test results."[63]

13          In ground 1(d), Pritchett alleges that his trial counsel failed to hire an expert in digital

14  forensics that could have refuted the State's evidence.[64]  And relatedly in ground 1(e), Pritchett

15  alleges that his trial counsel failed to challenge the admissibility of Detective Condratovich's

16  testimony concerning cell-tower-location data.[65]  In ground 1 of his *pro se* state habeas petition,

17

18  _____

    [58] *See* ECF No. 62-5 at 5.

19  [59] *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion cannot be achieved by a
    procedurally deficient or improper means).

20  [60] ECF No. 42 at 16.

21  [61] ECF No. 23 at 19.

    [62] ECF No. 42 at 18.

22  [63] ECF No. 23 at 13.

23  [64] ECF No. 42 at 19.

    [65] *Id*. at 22.

1  Pritchett argued that his trial counsel "fail[ed] to hire [a] historical cell site data reconstruction

2  expert" and "allowed the detective to testify as [an expert] without objection."[66]

3          Like with ground 1(a), in his counseled appellate brief challenging the denial of his state

4  habeas petition, Pritchett only argued that "[t]he district court erred by rejecting grounds 1, 2, 4,

5  and in part 7 [of his *pro se* state habeas petition]. The district court found that Mr. Pritchett

6  failed to demonstrate prejudice and also found that in most cases that any such evidence, even if

7  produced would have been futile."[67]  Pritchett did not include any other facts or argument.  And

8  like with ground 1(a), in affirming the denial of his state habeas petition, the Nevada Supreme

9  Court declined to address Pritchett's claim that his "counsel should have fully investigated the

10  case" because he did "not support the[ ] claim[ ] with cogent argument, supporting authority, or

11  record citations."[68]  For the same reasons discussed in section II(A), supra, ground 1(a), I find

12  that **Pritchett has also not exhausted grounds 1(b), 1(c), 1(d), and 1(e).**

13          **C.      Grounds 1(a) through 1(e) are technically exhausted because they are
                  procedurally defaulted, but the court defers the cause-and-prejudice analysis
14                  until the merits phase.**

15          Pritchett alternatively argues that if the court finds that his IAC claims in ground 1 were

16  not fairly presented, these claims should be deemed technically exhausted by procedural default,

17  and his default should be excused, permitting this court's review of these claims.[69]  A procedural

18  default occurs if "it is clear" from the record "that the state court would hold the claim

19  procedurally barred."[70]  The state procedural bars that would be implicated in this case are the

20

---

21  [66] ECF No. 23 at 9.

    [67] ECF No. 23-10 at 28 (internal citations omitted).

22  [68] ECF No. 23-12 at 3.

23  [69] ECF No. 87 at 24.

    [70] *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (internal quotation marks omitted).

1   one-year time bar[71] and the bar against second or successive petitions,[72] both of which would

2   allow this court to review ground one if Pritchett could show cause and prejudice or actual

3   innocence.

4       In most cases, this court has been unreceptive to claims of technical exhaustion by

5   procedural default if the petitioner also claims he could establish cause and prejudice or actual

6   innocence to excuse that default.  On one hand, if a petitioner has an argument for cause and

7   prejudice or actual innocence under the substantially similar state and federal standards, then the

8   petitioner could not establish that "it is clear that the state court would hold the claim

9   procedurally barred,"[73] and the ground would not be technically exhausted.  On the other hand, if

10  a petitioner had no arguments for cause and prejudice or actual innocence, then the ground would

11  be technically exhausted but also subject to dismissal as procedurally defaulted.  But, when

12  federal law recognizes a potential basis to excuse a procedural default and the Nevada state

13  courts do not, then the petitioner can argue in federal court both that a ground is technically

14  exhausted and that an excuse for the procedural default exists.

15      Ineffective-assistance-of-trial-counsel claims are one area in which this dichotomy exists.

16  The United States Supreme Court held in *Martinez v. Ryan* that ineffective assistance of state

17  post-conviction counsel (or the lack of counsel in state post-conviction proceedings) could

18  excuse a procedurally defaulted IAC claim under certain conditions.[74]  But the Nevada Supreme

19

20  _____

    [71] Nev. Rev. Stat. § 34.726.

21  [72] Nev. Rev. Stat. § 34.810.

22  [73] *Sandgathe*, 314 F.3d at 376.

    [74] *Martinez v. Ryan*, 566 U.S. 1 (2012).  For this to happen, the petitioner must demonstrate that
23  (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of
    post-conviction counsel (or lack of counsel) is the cause of the default; (3) the post-conviction
    proceedings were the initial review proceedings for the ineffective-assistance-of-trial-counsel

Court has declined to follow the *Martinez* Court's approach.[75]  So a Nevada habeas petitioner

who can rely on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar

on an unexhausted claim can argue that the state courts would hold the claim procedurally barred

but that he nonetheless has a potentially viable argument for cause and prejudice under federal

law.

Pritchett relies on *Martinez* to overcome his procedural default on grounds 1(a) through

1(e), and it does not appear from the current briefing that he has other potentially viable bases to

demonstrate the requisite cause and prejudice to excuse his procedural default.  **I thus find that**

**a cause-and-prejudice analysis under *Martinez* for grounds 1(a) through 1(e) is warranted**

**here, but I will wait to undertake it until after the parties have answered and replied,**

**addressing the claims on their merits.**  That way, I have the benefit of analyzing all of

Pritchett's claims against a fully developed factual and legal backdrop.[76]

### D.   Ground 2 is unexhausted.

In ground 2, Pritchett alleges that he was denied his right to a fair trial when the trial

court allowed Detective Condratovich to testify as an expert in cellular-site-location data.[77]  In

ground 31 of his *pro se* state habeas petition, Pritchett argued that the "trial court committed

error by not upholding its gatekeeping responsibility" when it "allowed lay testimony by lead

---

claim; and (4) state law requires, or practically requires, that the claim be raised in the initial
post-conviction proceedings.  *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

[75] *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

[76] I emphasize that I take this action on the premise that Pritchett has a potentially viable
argument for cause and prejudice based on *Martinez*—and only *Martinez*.  If he offers other
cause-and-prejudice arguments, then I will return to a procedural posture in which the next step
instead is dictated by *Rose v. Lundy*, 455 U.S. 509 (1982), and its progeny.

[77] ECF No. 42 at 40.

detective Condratovich."[78]  In his counseled appellate brief challenging the denial of his state

habeas petition, Pritchett only argued that "the district court erred by denying . . . grounds 25–

38"[79]; he did not include any facts or argument about the basis of grounds 25–38.  In affirming

the denial of his state habeas petition, the Nevada Supreme Court declined to address Pritchett's

claim because he had "not identified the arguments raised in these grounds, argued why the

district court should have so considered them, or provided supporting authority."[80]  For the same

reasons discussed in ground 1(a), I find that **Pritchett has not exhausted ground 2.**

### E.   Pritchett has not exhausted ground 4.

In ground 4, Pritchett alleges that the trial court's failure to dismiss the tainted jury pool

violated his due-process rights.[81]  In grounds 15 and 31 of his *pro se* state habeas petition,

Pritchett argued that the "trial court refused to replace [the] panel" and the "trial court failed to

change [the] prejudiced jury."[82]  In his counseled appellate brief challenging the denial of his

state habeas petition, he argued only that "[t]he district court erred by rejecting grounds 5, 6, 8, 9,

10, 11, 12, 14, 15, 17, 18, 21, 22, 23, and 24" and "the district court erred by denying . . .

grounds 25–38."[83]  Pritchett did not include any facts or argument about the basis of grounds 15

or 31.  In affirming the denial of his state habeas petition, the Nevada Supreme Court declined to

address Pritchett's claim because he had "not identified the arguments raised in these grounds,

argued why the district court should have so considered them, or provided supporting

---

[78] ECF No. 23 at 44.

[79] ECF No. 23-10 at 29.

[80] ECF No. 23-12 at 4.

[81] ECF No. 42 at 46.

[82] ECF No. 23 at 34, 45.

[83] ECF No. 23-10 at 29.

1  authority."[84]  For the same reasons discussed in ground 1(a), I find that **Pritchett has not**

2  **exhausted ground 4.**

3          **F.      Ground 6 is unexhausted.**

4          In ground 6, Pritchett alleges that he was denied his right to confrontation when the trial

5  court permitted the state to introduce statements from non-testifying co-defendants.[85]  As support

6  for this claim, Pritchett asserts that Stephanie Thomas's two-hour taped interview with police

7  was played for the jury.[86]  In ground 8 of his *pro se* state habeas petition, Pritchett argued that his

8  "trial and appellate counsels fail[ed] to raise confrontation clause in trial or on appeal."[87]  He

9  theorized that "[t]he state played a two hour interview of co-defendant . . . to the jury.  Thomas

10  didn't testify. . . . Defendant has a right to confront witnesses against him. . . . This violates

11  defendant's rights and due process."[88]  Pritchett's ground 8 of his *pro se* state habeas petition is a

12  trial-counsel-ineffectiveness claim, not a substantive-violation-of-confrontation-clause claim,

13  rendering ground 6 (which is a substantive-violation-of-confrontation-clause claim)

14  unexhausted.[89]  Further, in his counseled appellate brief challenging the denial of his state habeas

15  petition, Pritchett only argued that "[t]he district court erred by rejecting grounds 5, 6, 8, 9, 10,

16  11, 12, 14, 15, 17, 18, 21, 22, 23, and 24."[90]  He was silent about the basis of state habeas ground

17

18

---

19  [84] ECF No. 23-12 at 4.

20  [85] ECF No. 42 at 50.

    [86] *Id*. at 51.

21  [87] ECF No. 23 at 26.

22  [88] *Id*. at 26–27.

23  [89] *See Rose v. Palmateer*, 395 F.3d 1108, 1111–12 (9th Cir. 2005) (explaining that exhaustion of an ineffective-assistance-of-counsel claim does not exhaust the underlying substantive claim).

    [90] ECF No. 23-10 at 29.

8. So, for the same reasons discussed in ground 1(a), I find that **Pritchett has not exhausted ground 6.**

### G.    Ground 7 is unexhausted to the extent it incorporates unexhausted grounds.

Ground 7 is Pritchett's claim that the cumulative effect of the errors at trial violated his federal constitutional rights.[91]  He breaks ground 7 into two parts: ground 7(a), which focuses on trial counsel's ineffectiveness; and ground 7(b), which discusses the trial court's errors.[92] Respondents argue that these grounds are unexhausted because, although Pritchett raised claims of cumulative error on direct appeal and on post-conviction appeal, he was arguing that the court should evaluate the cumulative effect of different errors.[93]  I find that grounds **7(a) and 7(b) are unexhausted to the extent they incorporate unexhausted grounds.**

## III.    Cognizability

Respondents argue that grounds 2 and 3 are not cognizable in federal habeas law and must be dismissed.[94]  Such an argument is based on the narrow nature of the federal court's power to provide habeas relief.  A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[95] Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.[96]  A petitioner may not transform a state-

---

[91] ECF No. 42 at 52.

[92] *Id*. at 52–53.

[93] ECF No. 76 at 20.

[94] ECF No. 76 at 23.

[95] 28 U.S.C. § 2254(a).

[96] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

law issue into a federal one merely by asserting a violation of due process.[97]  Alleged errors in the interpretation or application of state law do not warrant habeas relief.[98]

In ground 2, Pritchett alleges that he was denied his right to a fair trial when the trial court allowed Detective Condratovich to testify as an expert in cellular-site-location data.[99]  In ground 3, Pritchett alleges that he was denied his right to a fair trial when the trial court admitted prior-bad-acts evidence.[100]  Respondents argue that these are merely state-law evidentiary issues couched as federal due-process issues, which makes them unreviewable in this federal habeas proceeding.[101]

To be sure, grounds 2 and 3 challenge evidentiary rulings that concern matters of state law.  But a state-court evidentiary determination can implicate a petitioner's federal due-process rights if it rendered the trial arbitrary and fundamentally unfair.[102]  Because Pritchett alleges in grounds 2 and 3 that he was denied his right to a fair trial, he has sufficiently plead federal due-process violations to avoid dismissal at this stage.  Accordingly, **I deny the motion to dismiss grounds 2 and 3 as noncognizable.**

## IV.   Pritchett must choose one of three options for this mixed petition.

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition, and a "mixed" petition—containing both exhausted and unexhausted claims—is subject to

---

[97] *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996).

[98] *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).

[99] ECF No. 42 at 40.

[100] *Id*. at 43.

[101] ECF No. 92 at 10.

[102] *See McGuire*, 502 U.S. at 67–68.

dismissal.[103]   Because Pritchett's petition is a mixed one (grounds 2, 4, and 6, and parts of ground 7 are unexhausted), he must now choose one of three paths forward and advise the court how he will proceed:

1. He can submit a sworn declaration advising the court that he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;

2. He can submit a sworn declaration advising the court that he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He can file a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.[104]

Pritchett is cautioned that a stay and abeyance (option 3) is available only in limited circumstances and only if he shows good cause for his failure to first exhaust his unexhausted claims in state court and that those claims are not plainly meritless.[105]   Respondents would then have a chance to respond to his motion to stay.  If Pritchett fails to choose one of these three options or seek other appropriate relief by April 10, 2023, this federal habeas petition will be dismissed without prejudice as a mixed petition.  Pritchett is advised to familiarize himself with

---

[103] *Rose*, 455 U.S. at 510.

[104] *See id.*; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

[105] *Rhines*, 544 U.S. at 277 (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  [And] even if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

the limitations periods contained in 28 U.S.C. § 2244(d) for filing federal habeas petitions because they may have a direct and substantial effect on the option he chooses.

**Conclusion**

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 76] is GRANTED in part and DENIED in part:**

- Ground 8 is DISMISSED as time barred.

- Grounds 1(a) through 1(e) are unexhausted but technically exhausted because they would be procedurally barred by the state courts.  A decision on whether Pritchett can demonstrate cause and prejudice under *Martinez* to overcome the procedural default is DEFERRED until after the parties have answered and replied.

- Grounds 2, 4, and 6, and parts of ground 7 are UNEXHAUSTED.

IT IS FURTHER ORDERED that **Pritchett must, by April 10, 2023, take one of these three steps:**

1.  File a sworn declaration advising the court that he is <u>voluntarily abandoning his unexhausted claims</u> and will proceed on the exhausted claims only;

2.  File a sworn declaration advising the court that he will <u>return to state court to exhaust his unexhausted claims</u>, in which case his federal habeas petition will be denied without prejudice; or

3.  File a motion asking the court <u>to hold his exhausted claims in abeyance</u> while he returns to state court to exhaust his unexhausted claims.

If Pritchett chooses to file a motion for a stay and abeyance or seek other appropriate relief, respondents may respond according to Local Rule 7-2.  If Pritchett fails to complete one of these options by this court-ordered deadline, his petition will be DISMISSED without prejudice as a mixed petition.

IT IS FURTHER ORDERED that if Pritchett elects option 1 to abandon the unexhausted claims, respondents will have 60 days from the date Pritchett serves his declaration of abandonment in which to file an answer addressing all remaining claims in the third-amended petition on their merits, including addressing grounds 1(a) through 1(e) under a *de novo* standard of review and addressing whether grounds 1(a) through 1(e) are barred by procedural default under federal law.  The answer must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.  Pritchett will then have 30 days from the date of service of respondents' answer to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 9, 2023