UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Shawn Pritchett,<br><br>    Petitioner<br><br>v.<br><br>Jo Gentry, *et. al.*,<br><br>    Respondents | Case No.: 2:17-cv-01694-JAD-DJA<br><br>**Order Denying<br>Motion to Stay Case and<br>Granting in part Extension to<br>File Reply Brief**<br><br>[ECF No. 105] |

Nevada inmate Shawn Pritchett brings this counseled habeas corpus action under 28 U.S.C. § 2254 to challenge his 2010 Nevada state-court convictions for conspiracy to commit murder, first-degree murder with the use of a deadly weapon, and robbery with the use of a deadly weapon.[1] Pritchett moves to stay this case so that an unrelated case challenging *Brown v. McDaniel*[2] can be decided by the Nevada Supreme Court.[3] Alternatively, Pritchett asks for an extension of time to file his reply to his habeas petition.[4] I find that a stay is unwarranted under these circumstances but good cause exists to grant Pritchett a modest extension to file his reply.

## Background

Following a jury trial, Pritchett was convicted in Nevada's Eighth Judicial District Court (Clark County) of conspiracy to commit murder, first-degree murder with the use of a deadly weapon, and robbery with the use of a deadly weapon.[5] He was sentenced to, *inter alia*, two

---

[1] ECF No. 22-8.
[2] 331 P.3d 867 (Nev. 2014).
[3] ECF No. 105.
[4] *Id*.
[5] ECF No. 22-8.

consecutive life sentences without the possibility of parole.[6] The Nevada Supreme Court affirmed Pritchett's conviction.[7]

      Pritchett filed a *pro se* petition for writ of habeas corpus in the state district court followed by a counseled supplemental petition.[8] Following an evidentiary hearing,[9] the state district court denied that petition.[10] He appealed the denial of his state habeas petition, and the Nevada Supreme Court affirmed.[11]

      On June 16, 2017, this court received a *pro se* federal habeas corpus petition from Pritchett, initiating this action.[12] Counsel was appointed,[13] and with counsel, Pritchett filed a first,[14] second,[15] and third amended habeas petition.[16] In his third amended petition, Pritchett added a new claim—ground 8—that his trial counsel violated his Sixth Amendment rights by conceding his guilt.[17] I *sua sponte* entered a stay to allow Pritchett to return to state court to exhaust that ground.[18] When those state-court proceedings concluded, I reopened this case and

---

[6] *Id.*
[7] ECF No. 22-15.
[8] ECF Nos. 23, 23-2.
[9] ECF No. 23-7.
[10] ECF No. 23-8.
[11] ECF No. 23-12.
[12] ECF No. 7.
[13] ECF No. 6.
[14] ECF No. 12.
[15] ECF No. 32.
[16] ECF No. 42.
[17] *See* ECF No. 41 at 1.
[18] *Id.*

directed respondents to respond to Pritchett's third amended petition.[19]  Respondents moved to dismiss Pritchett's third amended petition, but I granted Pritchett's motion to strike that motion and instructed Respondents to file an answer or a new motion to dismiss.[20]  Respondents filed a new motion to dismiss,[21] and Pritchett filed a motion to stay to allow him to exhaust four grounds in state court.[22]  I denied Pritchett's motion for a stay[23] and I granted in part the respondents' motion to dismiss: (1) dismissing ground 8 as time barred, (2) deferring a decision on whether Pritchett can establish cause and prejudice to overcome the procedural default of grounds 1(a) through 1(e), and (3) finding that grounds 2, 4, 6, and parts of 7 were unexhausted.[24]  Pritchett chose to abandon his unexhausted grounds, I dismissed them,[25] and respondents answered the remaining grounds.[26]  Following a request for an extension, Pritchett's reply was due on January 19, 2024.[27]  Rather than filing his reply, Pritchett moved for a stay.[28] Respondents opposed the motion, and Pritchett replied.[29]

---

[19] ECF No. 46.
[20] ECF No. 75.
[21] ECF No. 76.
[22] ECF No. 79.
[23] ECF No. 84.
[24] ECF No. 93.
[25] ECF No. 95.
[26] ECF No. 102.
[27] ECF No. 104.
[28] ECF No. 105.
[29] ECF Nos. 107, 108.

**Discussion**

In moving for a stay, Pritchett explains that the Federal Public Defender is challenging *Brown v. McDaniel*, the Nevada Supreme Court's decision holding that under Nevada law postconviction counsel's ineffectiveness is not cause for overcoming a procedural default in non-capital cases, in state court on the basis that *Brown* should be overruled in light of *Shinn v. Ramirez*.[30] Pritchett explains that the Nevada Supreme Court is considering the argument en banc in *Coca v. State*, and he requests that this court stay this case pending the outcome of *Coca*.[31] Pritchett proposes that if *Brown* is overruled, he will have good cause for a stay to return to state court to present claims that have never been before the Nevada state courts.[32] Alternatively, Pritchett requests an extension of 90 days to file his reply brief, "in the hopes the Nevada Supreme Court has decided the issue by then."[33]

Because Pritchett does not seek a stay to exhaust claims in a mixed petition, *Rhines v. Weber*[34] does not directly govern the present situation. But *Rhines* does not rule out stays in other contexts. The Supreme Court has confirmed that "AEDPA does not deprive district courts of [their] authority" to issue stays, although "it does circumscribe their discretion" such that a stay and abeyance must "be compatible with AEDPA's purposes."[35]

The stay that Pritchett is requesting is indefinite, as there is no way of knowing when the Nevada Supreme Court will decide *Coca*. And a stay would delay the resolution of this case and

---

[30] ECF No. 105 at 2.
[31] *Id*.
[32] *Id*.
[33] *Id*.
[34] 544 U.S. 269 (2005).
[35] *Id*. at 276; *see also Ryan v. Gonzales*, 568 U.S. 57, 73–74 (2013).

4

discourage finality, as there is no indication that the Nevada Supreme Court will overrule *Brown*. So I find that the requested stay is not in the interest of justice and would impair the interests of finality and efficiency served by AEDPA. For these same reasons, I also find that an extension of 90 days to give the Nevada Supreme Court time to decide *Coca* is unwarranted. Instead, I find good cause exists for a 30-day extension.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner Shawn Pritchett's motion for a stay **[ECF No. 105] is DENIED. Pritchett has until March 25, 2024, to file his reply.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 22, 2024